**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          Case No: 1:18-cr-20504

DECHAUN ANDREW SMITH,                Hon. Thomas L. Ludington

          Defendant.
_____/

**ORDER GRANTING ORAL MOTION TO PROCEED PRO SE, DENYING ORAL MOTION TO DISMISS THE INDICTMENT, AND SETTING STATUS CONFERENCE**

A final pre-trial conference was held on March 6, 2019, at which the Defendant made two oral motions: 1) to proceed pro se, and 2) to dismiss the indictment.

**I.**

A criminal defendant has the right to waive appointed counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806 (1975). In order to proceed pro se, the defendant must knowingly and intelligently waive his or her right to counsel. *Id.* The judge must interrogate the defendant to be sure that he or she understands the disadvantages of self-representation; the nature of the charge; the range of penalties; that the defendant will be proceeding alone in a complex area where experience and training are greatly to be desired; that an attorney might be aware of possible defenses to the charge; and that the judge believes it would be in the best interests of the defendant to be represented by an attorney. *Id.*

At the final pre-trial conference, counsel for the government explained the nature of the charges, the evidence that the government will introduce at trial, and the witnesses that it will call. The government also discussed the range of potential penalties depending on whether

Defendant is determined to have a criminal history category of two or three, and also discussed the range of potential penalties both with and without a scoring reduction for acceptance of responsibility. The Court explained to Defendant that his counsel is an expert on law and procedure and that he is not. The Court explained that proceeding without counsel is not advisable and cautioned him against doing so. Notwithstanding this explanation, Defendant indicated that he believes his counsel has been ineffective, and that he wishes to proceed pro se with Ms. Kostovski as stand-by counsel. The Court determines that the waiver was knowing, intelligent, and voluntary.

The appointment of stand-by counsel to represent the defendant does not violate the defendant's Sixth Amendment right to proceed pro se, even if the appointment is made over defendant's objection. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Standby counsel cannot assume control of the defendant's case; the pro se defendant must be allowed to control the organization and content of his defense. *Id.* The defendant is to use the advice of standby counsel as he or she sees fit. *Id.* There is, however, no absolute bar on standby counsel's unsolicited participation of a pro se defendant's case before the jury. *Id.*

Standby counsel may properly assist the pro se defendant before the jury in completing tasks the defendant clearly wishes to complete, such as introducing evidence and objecting to testimony. *Id.* Standby counsel may also help ensure the defendant's compliance with the basic rules of courtroom protocol and procedure. *Id.* However, standby counsel's participation may not be so intrusive as to destroy the jury's perception that the defendant is representing himself. *Id.* Standby counsel is also permitted to participate in the presentation of the pro se defendant's case outside the presence of a jury. *Id.* Standby counsels' job is to assist the defendant in procedural

matters the defendant is unfamiliar with and to facilitate a speedy and efficient trial by avoiding the delay often associated with pro se representation. *Id.*

If a pro se defendant persists in refusing to obey the court's directions or in injecting extraneous or irrelevant matter into the record, the court may direct standby counsel to take over the representation of the defendant. *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998).

**II.**

Defendant also made an oral motion to dismiss the superseding indictment on the basis that the Criminal Case Cover Sheet indicates "County where offense occurred: Saginaw" whereas the Criminal Case Cover Sheet for the original indictment indicates "County where offense occurred: Isabella." ECF Nos. 1, 36. The briefing on Defendant's pretrial motions reflects that all parties were aware that the alleged transaction took place at the Soaring Eagle Casino parking lot, which is in Isabella county, not Saginaw county. Moreover, the indictment is the operative charging document, which sets forth that the alleged conduct occurred in the Eastern District of Michigan. The error on the case cover sheet does not render the indictment legally insufficient.

Defendant also reminded the Court that the original indictment specified 28 grams of cocaine base, but that the subsequent laboratory testing revealed that it was only 27.3 grams, necessitating the filing of a superseding indictment. Defendant contends that the combination of these two errors amounts to a due process violation. The significance of the quantity error was explained in the Court's previous order resolving Defendant's motions. ECF No. 40. As counsel for the government brought to the Defendant's attention within one day of receiving the lab

report, the reduction in quantity eliminated the five-year mandatory minimum and reduced the maximum sentence to 20 years.

At the final pretrial conference, Defendant continued to repeat that he was prejudiced by the error on the cover sheet but did not explain what he would have done differently in preparing for trial had the error not occurred. Nor did he explain what relief he needs now that the error has been brought to his attention. He did not, for example, contend that he requires more time or discovery to prepare for trial. Rather, the only relief he sought was dismissal of the indictment with prejudice, which is in no way warranted by the error on the cover sheet.

**III**.

Accordingly, it is **ORDERED** that the motion to proceed pro se, ECF No. 46, is **GRANTED** and the motion to dismiss the indictment, ECF No. 47, is **DENIED**.

It is further **ORDERED** that the time for the status conference is amended to **March 18, 2019 at 11:00 am**, with Defendant, his standby counsel, and counsel for the government in attendance.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 7, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Dechaun Andrew Smith,** Bay County Jail, 503 Third Street, Bay City, MI 48708 by first class U.S. mail on March 7, 2019.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager